OLIVER HIBBARD and THOMAS McCOY *v.* HUNTING M. STEWART.

Where a person stands by, and knowingly suffers another to claim to be the owner of personal property, and to make an agreement concerning it with a third person, he cannot afterwards assert his own title to such property, to the damage of the party deceived.

When property, unlawfully taken, is afterwards returned to the owner, before suit brought, and is accepted by him, the return and acceptance should be considered in mitigation of damages.

In such a case, judgment for the whole value of the property taken is erroneous.

THIS was an appeal from a judgment of the Marine Court.

The action was brought to recover damages for taking and carrying away two oil cloths, claimed to belong to the plaintiff, of the alleged value of sixty dollars.

On the trial, the plaintiffs had judgment for sixty dollars and costs, and defendant appealed. The facts are stated in the opinion of the court.

*A. L. Pinney,* for the appellant.

*Townsend, Dyett and Raymond,* for the respondents.

INGRAHAM, FIRST JUDGE.—Carr, being the owner of some property in a house on the Fourth avenue, gave to Clark & Allen a mortgage on certain portions of it. Clark & Allen foreclosed their mortgage, bought in the property, and leased the same to the plaintiffs, who took possession thereof. The defendant, having a judgment against Carr, levied upon and sold two of the oil cloths in the premises leased to the plaintiffs. After the levy, Clark agreed with the defendant that he should return the oil cloths, or such as he had not sold, and that the same were to be paid for by the losing party in an action brought by Clark & Allen against the defendant. The plaintiffs were

present at this arrangement, and did not object to the same, but were parties to the agreement. Upon the trial, the defendant succeeded. This suit was then brought to recover for the same property.

Without expressing any opinion as to the right of the plaintiffs to recover for the property not returned, I think the plaintiffs were estopped by their own acts from claiming to recover for that portion which was returned under the agreement with Clark & Allen. They were present, and were parties to the arrangement by which the property was returned to the premises occupied by them, under the agreement made by their landlord. They never claimed any title to the same, nor objected to the arrangement; but their assent must be presumed from the facts in evidence.

*Thompson* v. *Blanchard* (4 Com. 303) and *Dezell* v. *Odell* (3 Hill, 215) sustain this doctrine. In the former case it is recognized as a correct principle, that when the owner of goods stands by, and allows another to treat them as his own, by which means a third person is induced to purchase them, the former cannot recover them from the purchaser. When any one by his conduct causes another to believe in the existence of a state of facts, or by his silence admits another to be the owner of property, when such ownership is asserted, so that a third person in acting upon it assumes responsibility, or parts with property, he cannot afterwards aver his own title to the injury of such person.

The application of this principle to the present case shows, that, as to the property returned to the house, the plaintiffs, by their silence when the arrangement was made between their landlord and the defendant for the return of the property, should be considered as assenting to such arrangement, and are estopped from subsequently recovering from the defendant for the same property.

The same principle is more broadly asserted in *Gregg* v. *Wells* (10 Ad. & E. 90), where it was said that, "A party who negligently stands by, and allows another to contract on the faith or understanding of a fact which he can contradict, cannot after-

wards dispute that fact in an action against the person whom he has assisted in deceiving.

There is, also, another objection to sustaining this judgment, viz., that the recovery is for the whole value of the property, while the proof shows that part of the property was returned to the possession of the plaintiffs before suit brought. Although this would be no bar to the action, it should be used for the mitigation of damages; and a recovery for the whole value of the property taken was erroneous. *Hanmer* v. *Wilsey*, 17 Wend. 91; *Vosburgh* v. *Welsh*, 11 J. R. 175; *Gibbs* v. *Chase*, 10 Mass. 128.

Judgment reversed.