McCauley v. Brown.

THOMAS McCAULEY *v.* ROBERT BROWN *and* WOLF REGLANDER.

The owner of goods who, by his conduct, enables another to assume the credit of their ownership, whereby a third person is led to purchase them in good faith, cannot recover either the goods or their value from the buyer. It is not necessary that the owner should stand by and permit the sale.

It being unlawful, by a city ordinance, for any one to take out a license as a public cartman, except the actual owner of the cart licensed: *Held,* that where the owner of a cart permitted another to take out a license for his cart, it was tantamount to a declaration of ownership by the licensee, with the owner's knowledge and consent, and the latter will be estopped from claiming ownership as against a *bond fide* purchaser of the cart from the licensee.

APPEAL by the defendants from a judgment of the general term of the Marine Court, affirming a judgment rendered at a special term of that court.

The action was brought to recover the value of a truck and set of harness alleged to belong to the plaintiff. It appeared on the trial that the property had been purchased, and paid for by the defendants, of one John McCauley, a brother of the plaintiff; that John McCauley was a cartman in this city, that he had taken out a license in his own name for the truck, and had held himself out as owner, with the knowledge of the plaintiff. Before the defendants bought it, they went to the mayor's office, and ascertained the fact of the license. It was also shown that prior to the time the defendants bought the truck of John McCauley, the latter had offered it for sale, with the approbation of the plaintiff. Judgment was rendered for the plaintiff, which judgment having been affirmed at the general term of the Marine Court, the defendants appealed to this court.

*A. J. Dittenhœfer* and *C. A. Runkle,* for appellant, cited *Brewster* v. *Baker* (16 Barb. 613); *Cheeney* v. *Arnold* (18 Barb. 434); *Hibbard* v. *Stewart* (1 Hilt. 207); *Thompson* v. *Blanchard* (4 N. Y. 303).

*C. Nagel,* for respondent.

BY THE COURT.—BARRETT, J.—By the provisions of the Revised Ordinances of 1859, p. 356, § 2, it is made unlawful "for any person to receive or hold a license to keep public carts, or to be a public cartman, unless he be the actual owner of the cart or carts so licensed." The taking out of the license for the truck in question was, therefore, a declaration of ownership made by the plaintiff's brother, John McCauley, with the plaintiff's full knowledge and consent, upon which the defendants had a right to and did rely in making the purchase. These facts, coupled with John McCauley's actual possession, and seeming ownership, bring the case within the principle that when the owner of goods stands by, and permits another to treat them as his own, whereby a third person is led to purchase them in good faith, the former cannot recover the goods, or their value, from the buyer (*Thompson* v. *Blanchard*, 4 N. Y. 303; *Hibbard* v. *Stewart*, 1 Hilt. 207; *Brewster* v. *Baker*, 16 Barb. 613; *Cheeney* v. *Arnold*, 18 Barb. 434; *Dezell* v. *Odell*, 3 Hill, 215; *Pickard* v. *Sears*, 6 Ad. & El. 469; *Gregg* v. *Wells*, 10 Ad. & El. 90). The doctrine applies, although the plaintiff was not present when the bargain was made. It is sufficient that, by his previous conduct, he enabled his brother to assume the credit of ownership, and to deceive the defendants (*Thompson* v. *Blanchard*, *supra*).

The judgment with respect to the truck was, therefore, erroneous; and as there was no evidence of the separate value of the harness, except the wholly insufficient statement of what the plaintiff had paid for it some seven months prior to the sale, we have no basis for a modification of the judgment. Besides, the conduct of these brothers savors very strongly of collusion. John McCauley had previously offered the truck for sale, with the plaintiff's knowledge, and seemingly with his consent—certainly, without any expression of his disapprobation. From these and other unfavorable circumstances, such as the plaintiff's failure to assert his title upon the discovery of the property in the defendants' possession, we are not inclined to strain a point with respect to the evidence of value, for the purpose of upholding this judgment, even in part. It is fairer to leave the parties in such a position, that the plaintiff may, if

he think fit, bring a fresh action for the value of the harness, when the defendants can have these facts and circumstances submitted to a jury, upon the question of collusion and authority.

The judgment should be reversed.