Lambertson agt. Van Boskerk.

# NEW YORK SUPREME COURT.

BENJAMIN P. LAMBERTSON, plaintiff and respondent, agt. GEORGE W. VAN BOSKERK *et al.*, defendants and appellants.

### *Refusal to discharge an order of arrest.*

Where the defendants, with a special deposit of plaintiff's funds in their hands, purchased, under the direction of the plaintiff, U. S. bonds, the purchase was a transfer of the funds of the plaintiff to their account, and he became the owner of the bonds.

If the defendants thereafter chose to go short of the bonds, as they say they did, either for speculative purposes or with the design of using the plaintiff's funds, it was wholly immaterial, so far as the plaintiff's rights were concerned.

If the defendants had discharged their obligations and held the bonds, they would have avoided the liability to arrest.

It is no answer to say either that they had an account current with the plaintiff or his agent. The purchase of the bonds was a distinct transaction, and they knew it. The motion to vacate was properly denied.

The fact that the defendants paid a part of the claim for the value of the bonds, did not render it the duty of the court to vacate the order. Such payment operates only in mitigation of the damages to be given.

*First Department, General Term, July,* 1875.

APPEAL from an order made at special term denying motion to vacate order of arrest.

*Sergeant P. Stearns,* for plaintiff and respondent.

*Theo. F. Miller,* for defendants and appellants.

BRADY, *J.* — The defendants having funds in their hands sufficient therefor, were instructed to purchase for the plain-

Lambertson agt. Van Boskerk.

tiff, and to hold them as a special deposit, $4,000 of United States 5-20 bonds.    The instructions given them by Hyler & Perkins, for the plaintiff, was in writing.    The defendants understood the duty imposed upon them, and, by letter, advised Hyler & Perkins of the purchase and the cost attending it.    This was a transfer of the funds of the plaintiff to their account, and he became the owner of the bonds.    If the defendants chose to go short of them, as they say they did, either for speculative purposes or with the design of using the plaintiff's money, is wholly immaterial, so far as the plaintiff's rights are concerned.    The letter operates upon them as an estoppel.    They cannot, after their deliberate statement, which they say was false, be allowed now to derive any advantage from their failure to make the purchase.    To give them any benefit thereupon would be to enable them to take advantage of their own wrong.    It is no answer to say either that they had an account current with the plaintiff or his agent.    The purchase of the bonds was a distinct trans- action, and they knew it.    They could not, without the plaintiff's consent, treat it in any other way.    These propo- sitions are too plain to require illustration by cases on the subject.    If they had discharged their obligations they would have made the purchase and held the bonds.    In that way the liability to arrest would have been avoided, and the transaction would have been marked by fair dealing, and if the plaintiff undertook to overdraw his account he could have been advised that, if he did so, his bonds would be sub- ject to the overdraft, and cease to be a special deposit.    The defendants could have protected themselves in that way, if any guard was necessary, which does not appear.    The plain- tiff's responsibility is not questioned.    It thus appears that the motion to vacate was properly denied upon the points considered.    The fact that the defendants paid a part of the claim for the value of the bonds did not render it the duty of the court to vacate the order.    The receipt of money on account of the claim does not waive the tort or absolve the

wrong-doer from the consequences of his unlawful act, unless the intention to the contrary is plainly manifest (*Murray* agt. *Burling*, 10 *J. R.*, 172; *Sedgwick on Damages*, 492; *Reynolds* agt. *Shule*, 5 *Cow.*, 323; *Hebberd* agt. *Stewart*, 1 *Hilt.*, 207; *Burns* agt. *Morris*, 4 *Tyrw.*, 485; 2 *Greenleaf on Evidence*, 639; *Robbins* agt. *Seithel*, 20 *How. Pr. R.*, 366; *Parsons* agt. *Carver*, 20 *How. Pr. R.*, 432).

It reduces the claim *pro tanto*, if not sufficient to extinguish it, and operates only in either case in mitigation of the damages to be given (*Cases supra.*)

The order made at special term should, for these reasons, be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and DANIELS, J., concurred.