HENRY A. RICHARD, Appellant, v. ISAAC B. WELLINGTON et al., Respondents.

Plaintiff, in August, 1866, stored in defendants' warehouse a lot of wines, and another lot in November, 1868, with the understanding that defendants were to purchase them. In February, 1870, defendants having declined to give a definite answer as to whether they would purchase, plaintiff, with a view of bringing them to a determination, rendered bills dated respectively at the dates when the wines were placed in defendants' custody. The bills were not assented to by defendants, and no agreement was made as to price and terms of sale. In July, 1870, plaintiff sent to defendants a statement of the wines, crediting thereon, "by amounts received on account, $32,272.63." Defendants failed in November, 1870, having, prior to that time, disposed of the wines. In an action for conversion, after defendants, for the purpose of showing a sale, had given in evidence the statement of July, 1870, plaintiff offered to prove facts tending to show that the credit was not for

payments made specifically, on account of the alleged purchase, but for moneys due defendants from plaintiff in other transactions, which the latter were willing to offset. This evidence was excluded and plaintiff nonsuited. *Held* (CHURCH, Ch. J., dissenting), error ; that the evidence was proper and material, as destroying the effect of the credit as an admission of a consummated sale ; and that this being explained, the evidence was sufficient to entitle plaintiff to go to the jury on that question.

(Argued April 21, 1876; decided June 6, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department in favor of defendants, entered upon an order nonsuiting plaintiff on trial at Circuit.

This action was for the alleged conversion of a quantity of sherry wines.

The evidence tended to show that plaintiff, being an importer of sherry wines, in August, 1866, received an importation of 800 casks, which, upon the representation of defendants that they would probably purchase, he stored in defendants' warehouse. In November, 1868, he recived 100 casks more, which he also stored with defendants under the same understanding. In February, 1870, defendants not having determined as to purchasing, plaintiff sent to them two bills, one of each lot, dated respectively at the dates when the wines were stored. A short time prior to sending the bills, plaintiff told defendants that they must take the wines or return them, and was thereupon requested to send the bills. Defendants informed plaintiff that they would not agree to the bills, but wanted certain deductions made; these plaintiff declined to make. Plaintiff several times demanded of defendants that they determine whether they would take the wines or not, but was requested on each occasion to wait. Defendants gave in evidence a letter of plaintiff, written July 28, 1870, to which was appended a note or statement as follows :

To amount due me, 18 March, '70 .......... $44,826 34
By cash, sundry dates from 13th Feb'y, to date,      303 90
By amounts received on account.............   32,272 63

Plaintiff, as a witness in his own behalf, was asked to explain what the credit alluded to. He answered that it alluded to note transactions between himself and defendants. He was then asked to state what these note transactions were, and how he came to make the credit, and also the facts which induced the credit. This was objected to, and objection sustained, to which plaintiff's counsel duly excepted. The court granted a motion for a nonsuit, to which plaintiff's counsel duly excepted. Exceptions were ordered to be heard at first instance at General Term.

*W. C. Lyon* for the appellant. Plaintiff had sufficient interest in the wines to entitle him to maintain this action. (*Grinnell* v. *Schmidt*, 2 Sandf., 706; *Everett* v. *Salters*, 15 Wend., 474; *Salters* v. *Salters*, 20 id., 267; *Grosvenor* v. *Phillips*, 2 Hill, 147; *Adams* v. *Bissell*, 28 Barb., 382; *Judah* v. *Kemp*, 2 J. Cas., 411; 42 Barb., 177; 33 N. Y., 587; *Faulkner* v. *Brown*, 13 Wend., 63; *Rockwell* v. *Sanders*, 19 Barb., 473.) There was no sale of the wines, as the minds of the parties never met as to the quantity, terms or price. (*Camp* v. *Norton*, 52 Barb., 96; *Bernendaller* v. *Hoen*, 7 Blatch., 548; *Walrath* v. *Ingles*, 64 Barb., 265; *Scranton* v. *Bath*, 29 id., 171; *Baldwin* v. *Milderberger*, 2 Hall, 176; *Joyce* v. *Adams*, 4 Seld., 291; *Fullerton* v. *Dalton*, 58 Barb., 236.) The court erred in refusing to allow plaintiff to proceed with the case and recover, as in an action on contract, for the sale and delivery of the wines. (*Eldridge* v. *Adams*, 54 Barb., 417; *Gordon* v. *Hostetter*, 37 N. Y., 99; *Prouty* v. *Swift*, 51 id., 594; *Coit* v. *Stewart*, Alb. L. J., March, 8, 1873; *Conaughty* v. *Nichols*, 42 N. Y., 83.)

*William Allen Butler* for the respondents. The evidence on behalf of plaintiff made out a plain case of sale and delivery. (*Martin* v. *Adams*, 104 Mass., 262; *Nichols* v. *Patten*, 18 Me., 231; *Lake* v. *Morris*, 30 Conn., 201; *Warden* v. *Marshall*, 99 Mass., 305, 306.) Defendants were not guilty of a conversion in selling the wines. (*Campbell* v. *Stokes*, 2

Wend., 137; 1 Waterman on Trespass, 585, § 569.) Plaintiff is estopped by his acts from asserting that there was no sale. (*Stephens* v. *Baird*, 9 Cow., 274, 278; *Mofford* v *Bliss*, 12 B. Mon., 256, 257; *Covert* v. *Irwin*, 3 S. & R., 283–289; *Packard* v. *Sears*, 6 Ad. & El., 469; *Grigg* v. *Wells*, 10 id., 90; 4 B. Mon., 829; 19 Ala. [N. S.], 430; 10 Ire., 320; 12 Penn., 373; 6 Wend., 436; 4 Comst., 309; 3 Hill, 215; 12 B. Mon., 256, 257; 19 Penn. [7 Har.], 424; 6 Har., 346; 11 S. & R., 426.)

RAPALLO, J.  The testimony of the plaintiff tended to show that the contemplated purchase of the wines by the defendants was never consummated. On his evidence it is difficult to determine that an action could have been maintained by the plaintiff for the price of the goods as on a contract of sale. But the General Term appear to have held that the rendition of bills for the wines, at the dates when they went into the possession of the defendants, and the subsequent receipt by the plaintiff of $32,272.63 on account of the price, and the claim for the balance as for goods sold, were such controlling circumstances that a verdict for the plaintiff would have been set aside, and, consequently, the nonsuit was properly granted.

If the facts were as assumed, the conclusion would probably follow. On an examination of the evidence, however, we find that it shows that the bills, although dated in 1866 and 1868, when the wines were placed in the custody of the defendants, were not rendered to them until February 26, 1870; and then, for the purpose of bringing them to a definite determination whether or not they would conclude the purchase, they having up to that time declined to give a definite answer. That the bills were not agreed to by the defendants, and that they failed in November, 1870, and before having agreed upon the price and terms of sales, and that they had, in the meantime, disposed of the wines. The alleged payment on account, if established, would have been a very strong, if not conclusive circumstance, to establish that there was a sale, and is relied

upon by the court below as a contradiction of the plaintiff's testimony. But the only evidence of this payment is the statement at the foot of the plaintiff's letter of July 28, 1870: "By amounts received on account, $32,272.63." The plaintiff offered to explain this credit, and testified that it alluded to note transactions between him and the defendants; but evidence as to what those transactions were, and of the facts upon which the credit was based, was excluded by the court and exception duly taken to the ruling. The tendency of the evidence thus excluded, as indicated by other evidence in the case, was to show that this credit was not in fact for payments made specifically on account of the alleged purchase, but for money due by the plaintiff to the defendants on other independent transactions which the plaintiff was willing to offset against the price of the wines. This evidence was material and was, we think, improperly excluded. It would have destroyed the effect of the credit acknowledged in the letter as an admission of a consummated sale and the receipt of payments on account.

There was some evidence in the case tending to show that the plaintiff had notice that the defendants were selling the wines, but, on the whole case, we think that if the credits were satisfactorily explained, there was sufficient to entitle the plaintiff to go to the jury, and that, in excluding the explanatory evidence and nonsuiting the plaintiff, there was error.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur, except CHURCH, Ch. J., dissenting.

Judgment reversed.