## WOOD et al. v. PROUDMAN.

(Supreme Court, Appellate Division, First Department.   December 13, 1907.)

1. TROVER AND CONVERSION—SALE OF PROPERTY DELIVERED FOR INSPECTION.
    Where wholesale diamond dealers delivered diamonds to retailers on
    memorandum for inspection, to be returned on demand, stipulating that
    there was no sale or contract to sell until their approval of the retailers'
    selection, and the retailers sold the diamonds without such approval, they
    were guilty of conversion, since the title to the diamonds never passed
    to them.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Con-
    version, §§ 84–86.]

2. SAME—ACTION—PARTIES.
    An action for a conversion by a firm, being in tort, may be brought
    against all or one or more members of the firm.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Con-
    version, § 190.]

3. SAME—PLEADING—GENERAL DENIAL—WAIVER OF CONVERSION.
    In an action for conversion, defendant may not, under a general denial,
    show that the conversion was waived, but such matter, being in avoid-
    ance, must be affirmatively alleged.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Con-
    version, § 212.]

4. PLEADING—DEFENSE—MATTER IN AVOIDANCE—RELEASE.
    The release of a cause of action or rescission of a contract must be
    specially pleaded.
    Patterson, P. J., dissenting.

Appeal from Trial Term.
Action by St. John Wood and others, copartners, against John C.
Proudman.   From a judgment for defendant and an order denying a
new trial, plaintiffs appeal.   Reversed, and new trial granted.
Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Charles A. Mackensie (William L. Marshall and Crowley Went-
worth, on the brief), for appellants.
Benjamin Patterson, for respondent.

LAUGHLIN, J.   The action is for the conversion of certain dia-
monds.   The plaintiffs were wholesale diamond merchants, and their
place of business was No. 2 Maiden Lane, borough of Manhattan,
N. Y.   During many years the defendant was a retail jeweler in the
city of New York, and prior to the time in question had taken his wife

and one Trebilcock into business as partners, under the firm name of J. C. Proudman & Co. The partnership business was conducted in the main by Trebilcock, who had been manager for the defendant. The plaintiffs had from time to time delivered diamonds to the defendant and to his firm on consignment. On the 1st day of October, 1904, Trebilcock sent one Ulner, a clerk of the firm, to the plaintiffs' store for two diamonds which were delivered to him, together with a memorandum in the usual form, as follows:

"New York, Oct. 1, 1904.

"Mr. J. C. Proudman:

"Memorandum from J. R. Wood & Sons, 2 Maiden Lane.

"These goods are sent for your inspection and examination only, remaining the property of J. R. Wood & Sons, held by you subject to their order, and are to be returned to them on demand. There is no sale or contract to sell until the date of their approval of your selection.

| | |
|---|---|
| 1 dia 2-3/4 less 1/64 at 124.00 | $339 06 |
| 1 " 2-1/4 less 1/64 at 124.00 | 280 94 |
| 2-3/8 14 mtg. .90 | 2 14 |
| | $622 14 |

"Send list of goods selected when reporting. No later claims allowed.
"Duplicate."

Ulner delivered the diamonds, together with this consignment memorandum, to Trebilcock, who sold the diamonds 10 or 12 days thereafter, and deposited the proceeds, so far as received, to the credit of his firm. Before making the sale, he did not send to the plaintiffs a list of the diamonds selected, or obtain their approval of his selection. The complaint describes the property and alleges the conversion thereof by the defendant, who interposed merely a general denial. Upon the trial the defendant gave evidence tending to show that, after the alleged conversion, it was waived, and credit was given the defendant's firm by the plaintiffs' credit agent for the diamonds as upon a sale. This evidence was received under plaintiffs' objection and exception that the answer merely contained a general denial; that a waiver of the conversion was not pleaded, and, also, that the authority of the credit agent to waive conversion was not shown. The court submitted to the jury the question as to whether there was a conversion, and, if so, whether it was waived.

We are of opinion that there should be a new trial. The sale of the diamonds without the approval of the plaintiffs, and affording them an opportunity to determine whether or not they were willing to extend credit to the defendant's firm therefor, constituted a conversion as matter of law. The consignment memorandum clearly apprised the defendant of the fact that his firm had no authority to sell the diamonds until they reported to the plaintiffs the selections made, and obtained the approval of the plaintiffs. The title to the diamonds remained in the plaintiffs, and never passed to the defendant's firm. The action being in tort, the plaintiffs were at liberty to proceed against all or one or more members of the firm. The defendant was not at liberty to show that the conversion was waived without specially setting up that defense. The conversion was complete by the act of the defendant's firm in selling the diamonds. The subsequent negotia-

tions for credit may have constituted a waiver, if the credit man was authorized to waive the tort; but this could not be proved under the general denial. It did not tend to disprove the conversion. It constituted matter in avoidance, which it was essential to allege affirmatively. The plaintiffs' cause of action became complete by the conversion. The defendant, in effect, seeks to show under a general denial, not that the cause of action did not accrue to the plaintiffs, but that after it accrued it was compromised or waived. I think the question falls on principle within the rule that the release of a cause of action or rescission of a contract must be specially pleaded. Horton v. Horton, 83 Hun, 213, 31 N. Y. Supp. 588; Chapin v. Pratt, 66 Hun, 628, 20 N. Y. Supp. 952.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur, except PATTERSON, P. J., who dissents.

---

(122 App. Div. 572.)

### BRAUNER v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. December 13, 1907.)

STREET RAILROADS—COLLISION WITH VEHICLE ON TRACK—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—SUBMISSION TO JURY.

In an action against a street railroad for death of plaintiff's decedent in a collision between a vehicle in which decedent was riding and defendant's car, evidence held sufficient to go to the jury on the questions of defendant's negligence and decedent's contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 251–257.]

Ingraham, J., dissenting.

Appeal from Trial Term.