## JONES v. SMITH.

(Supreme Court, Appellate Term.  January 27, 1910.)

1. PRINCIPAL AND AGENT (§ 72*)—CONVERSION—MONEY.
    An action for conversion lies to recover money received by an agent or other person in a fiduciary capacity, which he refuses to deliver to his principal.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 148, 149; Dec. Dig. § 72;* Trover and Conversion, Cent. Dig. § 70.]

2. ACTION (§ 28*)—CONVERSION BY AGENT—WAIVER OF TORT.
    The receipt of money by a principal on account of a claim, based on the agent's failure to deliver money received by him in a fiduciary capacity, is not a waiver of the tort, unless the intention to the contrary is clearly manifest.
    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 198, 199; Dec. Dig. § 28.*]

3. TROVER AND CONVERSION (§ 33*)—DEFENSES—PLEADING—NECESSITY.
    In an action for conversion, the defense of waiver of the tort must be pleaded, in order to be available.
    [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 203; Dec. Dig. § 33.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Edward Jones against M. Osborne Smith.  From a judgment for plaintiff after a trial before the court without a jury, defendant appeals.  Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

P. A. Hatting, for appellant.

Cowan, Ketchum & Marcus (Benjamin Marcus, of counsel), for respondent.

GIEGERICH, J.  The defendant is a real estate broker.  In 1905 he secured for the plaintiff a loan of $1,000 on certain property belonging to the plaintiff situate in the Borough of the Bronx, New York City.  By agreement between the parties the defendant retained out of this sum $481.85, with which he was to pay certain taxes and assessments then due on the property.  These he never paid.  After discovering this fact, and making various demands for the return of this money, which were refused, the plaintiff brought this action in conversion.

The defendant urges, in the first place, that conversion will only lie for the conversion of certain specific personal property, to which category money does not belong, and therefore an action for its conversion will not lie, and that the only remedy is an action in contract.  In respect to this proposition it is only necessary to say that, whatever may have been the rule formerly, the case of Britton v. Ferris, 171 N. Y. 235, 63 N. E. 954, has settled the question that an action in tort will lie to recover money received by an agent, broker, or other person in a fiduciary capacity, which he refuses to deliver to his princi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pal. See, also, Jackson v. Moore, 94 App. Div. 504, at page 508, 87 N. Y. Supp. 1101.

Another contention of the defendant is that, because the defendant paid and the plaintiff received part of the money due, the plaintiff thereby condoned the offense, and in effect waived his right to sue in tort for the balance due him. This proposition, however, is untenable under the cases, which in substance hold that the receipt of money on account of a claim does not waive the tort, or absolve the wrongdoer from the consequences of his unlawful act, unless the intention to the contrary is clearly manifest. Lambertson v. Van Bosberck, 4 Hun, 628, reported in full in 49 How. Prac. 266, 267; Reynolds v. Shuler, 5 Cow. 323, 326; Kinney v. Kiernan, 49 N. Y. 164, 168. The record in the case at bar does not disclose any evidence of such intention on the part of the plaintiff.

Moreover, no such defense was pleaded, as it should have been in order to be available. Wood v. Proudman, 122 App. Div. 826, 829, 107 N. Y. Supp. 757. The case of Richard v. Wellington, 5 Hun, 181, which is the only authority cited by the defendant on this point, does not lay down any such rule as he claims. As is shown by the opinion in that case in the Court of Appeals (Richard v. Wellington, 66 N. Y. 308), the question there was whether certain wine, which the plaintiff had stored with the defendant, had been sold by the plaintiff to the defendant. The plaintiff brought an action in conversion, and the defendant claimed that the plaintiff sold him the wine before the alleged conversion took place. Of course, if the wine had been sold to the defendant, the plaintiff's only remedy was on the contract.

Under the case of Britton v. Ferris, supra, it is very doubtful whether the defendant was entitled to set up his alleged counterclaim in this action. It is not necessary to decide this, however; for the question whether he was entitled to recover thereon was, in any event, one of fact for the trial justice, and we are of the opinion that his decision in respect thereto is not against the weight of evidence, as is claimed by the appellant.

We have examined the other exceptions taken at the trial and the points raised on this appeal, and fail to discover any substantial error which requires the reversal of the judgment appealed from.

The judgment should therefore be affirmed, with costs. All concur.