■ WILLIAM F. BERGHOLD et al., Appellants, v SAMUEL KIRSCHENBAUM et al., Respondents. (And a Third-Party Action.) [731 NYS2d 764] —In an action, *inter alia*, for a judgment declaring that the plaintiffs are in compliance with the terms of a lease, the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Martin, J.), dated May 5, 2000, which, among other things, granted that branch of the cross motion of the defendant 815-829 Franklin Avenue, LLC, which was for summary judgment on its counterclaim for a judgment declaring that the plaintiffs failed to properly exercise their option for a second renewal of the lease.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs (hereinafter the tenants) leased commercial property from the defendant 815-829 Franklin Avenue, LLC (hereinafter the landlord). The lease for the property afforded the tenants an option to renew, for either one or two 21-year periods. At issue on this appeal is the second of the two 21-year renewal periods.

The tenants seek a judgment declaring that both renewal options were simultaneously exercised in accordance with the lease prior to the expiration of the first term, and that the new base rent amount, applicable to both renewal terms, was decided at that time. The landlord, relying upon a recorded memorandum agreement which was signed on the same day as the lease, counterclaimed for a judgment declaring that the parties intended the second renewal option to be exercised no more than two years and no less than one year before the expiration of the first renewal option period, and that a new base rent was to be determined at that time.

Where "a question of intention is determinable by written agreements, the question is one of law, appropriately decided by an appellate court (see *Rentways, Inc., v O'Neill Milk & Cream Co.,* 308 N.Y. 342 [349]), or on a motion for summary judgment. Only where the intent must be determined by disputed evidence or inferences outside the written words of the instrument is a question of fact presented" (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291).

Here, it is clear from the lease and the contemporaneously executed memorandum agreement (*see, BWA Corp. v Alltrans Express U.S.A.,* 112 AD2d 850, 852), that the option to renew

the lease for a second 21-year renewal period was intended to be exercised no more than two years and no less than one year before expiration of the first renewal term, and that the base rent would be redetermined at that time.

The landlord's cause of action for a declaratory judgment was not barred by either the Statute of Limitations or laches (*see, Sorrentino v Mierzwa,* 25 NY2d 59).

The appellants' remaining contentions are without merit. Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.