■ JAMES PEPE et al., Appellants, v RICHARD STOCK et al., Respondents. [808 NYS2d 277]—

In an action, inter alia, for specific performance of a lease,

which was consolidated with a summary holdover proceeding to evict the plaintiffs from the subject premises, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated March 17, 2004, as granted the defendants' motion for summary judgment dismissing the complaint and for a money judgment and judgment of possession in favor of the defendant Michael Kerin, (2) from a judgment of the same court dated May 5, 2004, which, upon the order dated March 17, 2004, is in favor of the defendants and against them dismissing the complaint, and is in favor of the defendant Michael Kerin and against them in the principal sum of $28,000, and (3), as limited by their brief, from so much of an order of the same court dated June 9, 2004, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 17, 2004, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated June 9, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order dated March 17, 2004, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants established their prima facie entitlement to summary judgment by demonstrating that the plaintiffs did not have an enforceable "right of refusal" at the time that the title to the subject premises was transferred (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Any right a tenant has to renew a lease is governed by the terms of the agreement (*see Dime Sav. Bank of N.Y. v Montague St. Realty Assoc.*, 90 NY2d 539 [1997]; *Berghold v Kirschenbaum*, 287 AD2d 673 [2001]). Here, the plaintiffs allowed their lease to expire without either renewing or extending it in accordance with its terms. Following the expiration of the lease, they no longer maintained an enforceable right of refusal (*see Coinmach Corp. v Fordham Hill Owners Corp.*, 3 AD3d 312, 314-315 [2004]; *White Castle Sys., Inc. v Blohm*, 807 F2d 313, 315 [1986]). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York, supra*). Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.