[8 NYS3d 850]

315 West 48th Street Realty Corp., Appellant, v Maria's Mont Blanc Restaurant Corp., Doing Business as Maria's Mont Blanc Restaurant 315 West 48th Street, Respondent, et al., Respondents.

Reyllc, LLC, Appellant, v Maria's Mont Blanc Restaurant Corp., Doing Business as Maria's Mont Blanc Restaurant 313 West 48th Street, Respondent, et al., Respondents.

Supreme Court, Appellate Term, First Department, March 13, 2015

66

---

### APPEARANCES OF COUNSEL

*Kossoff, PLLC*, New York City (*Joseph Goldsmith* of counsel), for appellants.

*The Feldman Law Firm, P.C.*, Mineola (*Adam J. Feldman* of counsel), for respondents.

### OPINION OF THE COURT

Per Curiam.

Final judgment, entered July 9, 2013, reversed, with $30 costs, and final judgments awarded to landlords on the holdover petitions. Execution of the warrants of eviction shall be stayed for 30 days from service of a copy of this order with notice of entry.

Tenant operates a restaurant in commercial space demised in two separate lease agreements. The trial evidence presented by landlords established that each lease, as previously renewed for one five-year term, expired on August 31, 2010. Tenant's unpleaded contention that its predecessor validly exercised a second option to renew both leases through August 31, 2015, even if properly raised at trial (*see* CPLR 3018 [b]; *Munson v New York Seed Improvement Coop.*, 64 NY2d 985 [1985]), should have been rejected on the merits, since tenant failed to establish that the second renewal option was properly exercised. No evidence was adduced to show that notice of the prior tenant's intention to exercise the renewal option was served on landlords by regular or certified mail, as required by the clear terms of the lease agreements (*see American Realty Co. v 64 B*

*Venture*, 176 AD2d 226, 227 [1991], *lv denied* 79 NY2d 756 [1992]).

Nor was the purported notice exercising the second renewal option timely served, where it was allegedly sent simultaneously with the notice exercising the first renewal option. Significantly absent from either lease was language authorizing tenant to exercise two renewal options at one time (*see Berghold v Kirschenbaum*, 287 AD2d 673 [2001]; *cf. 112 W. 34th St. Assoc. L.L.C. v 112-1400 Trade Props. LLC*, 118 AD3d 543 [2014]; brief of defendant-appellant in *112 W. 34th St. Assoc. L.L.C.*, available at 2013 WL 9668753, *5 [lease expressly permitted tenant to exercise renewal options "in any single instance with respect to more than one of said renewal terms, or separately with respect to any one such renewal term"]). To the contrary, the two distinct renewal options were clearly intended to be separate and successive, and a fair reading of the relevant lease provisions compels the conclusion that the parties intended the second renewal option to be exercised during the first renewal term provided for in each lease. Since the purported notice of the second renewal was not given within the time prescribed, it was ineffective (*see Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]).

To the extent tenant claims that landlords effectively waived any noncompliance with the option notice requirements contained in the leases, such defense could not properly be raised at trial in view of the general denial set forth in tenant's answers (*see* CPLR 3018; *McIntosh v Niederhoffer, Cross & Zeckhauser*, 106 AD2d 774, 775 [1984], *lv denied* 64 NY2d 608 [1985]; *Wood v Proudman*, 122 App Div 826 [1907]).

Exercising our authority to review the record developed at trial and render the judgment warranted by the facts (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]), we reverse and award landlords the possessory judgments sought in the holdover petitions.

SCHOENFELD, J.P., HUNTER, JR. and LING-COHAN, JJ., concur.