■ STACY PALADINO et al., Appellants, v CHARLES ISASI, Defendant, and ROY ISASI, Respondent.—In a negligence action to recover damages for personal injuries sustained by the plaintiff Stacy Paladino, etc., the plaintiffs appeal, as limited

by their brief, from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), dated April 18, 1984, as, upon granting at the close of all the evidence in the case that branch of the defendants' motion which was to dismiss the complaint insofar as it is asserted against the defendant Roy Isasi, is in favor of the defendant Roy Isasi and against them.

Judgment reversed insofar as appealed from, on the law, with costs, and new trial granted with respect to the plaintiffs' complaint insofar as it is asserted against the defendant Roy Isasi.

On May 7, 1978, the plaintiff Stacy Paladino, then 14 years old, allegedly sustained a serious leg injury when she fell off a motorbike she was then operating on the street near the defendants' residence. The motorbike had been loaned to Stacy for her use by the defendant Charles Isasi, then 13 years old. The defendant Roy Isasi, Charles' father, had given the motorbike to his son to repair it. The motorbike was operable, even though it had no gas tank. Specifically, the defendant Roy Isasi had instructed his son how to put gas directly into the carburetor, which permitted the bike to be driven about one block before running out of gas.

In the complaint, the then infant plaintiff and her mother alleged, *inter alia,* that the defendant Roy Isasi was negligent in entrusting the motorbike, which was defective, to his then infant son. After the presentation of all the evidence, the trial court, upon the defendants' motion, dismissed the complaint as against both the defendants on the ground that there was no triable issue of fact for the jury's determination. On appeal, the plaintiffs only challenge the dismissal of the complaint as against the defendant Roy Isasi.

In determining whether dismissal of the complaint was proper, "this court is required (as was the trial court) to view the evidence in the light most favorable to the plaintiff * * * and all questions as to witnesses' credibility must be resolved in [the] plaintiff[s'] favor * * * [T]he test to be applied is not founded upon a weighing of the evidence, but rather, in taking the case from the jury, the trial court must find 'that by no rational process could the trier of the facts base a finding in favor of the [plaintiff(s)] upon the evidence * * * presented' " *(Lipsius v White,* 91 AD2d 271, 276-277, in part quoting from *Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245).

Contrary to Special Term's determination, the question of whether the defendant Roy Isasi was negligent in entrusting the motorbike to his infant son under the circumstances

should have been submitted to the jury for their consideration. While "[p]arents are permitted to delegate to their children the decision to participate in dangerous activities * * * they are not absolved from liability for harm incurred by third parties when the parents as adults unreasonably, with respect to such third parties, permit their children to use dangerous instruments" (*Nolechek v Gesuale,* 46 NY2d 332, 339). Specifically, a parent owes "a duty to protect third parties from the foreseeable harm that results from [a child's] improvident use of dangerous instruments, to the extent that such use is subject to parental control * * * 'It [is] not necessary that the defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye' " (*Nolechek v Gesuale, supra,* at p 340, quoting in part from *Munsey v Webb,* 231 US 150, 156).

A review of the evidence in this case indicates that a jury could have reasonably determined that the motorbike was a dangerous instrumentality and that despite the defendant Roy Isasi's alleged instructions to his son concerning the use of the motorbike, the defendant Roy Isasi was or should have been aware of and foreseen his son's use of the motorbike, including the lending of the motorbike to other children to ride it in the street, and that injury could result therefrom.

Accordingly, a new trial is granted to the plaintiffs with respect to their cause of action against the defendant Roy Isasi. Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.