■ MACALLOY CORPORATION, Appellant, v METALLURG, INC., Respondent. [728 NYS2d 14] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered August 30, 2000, which granted defendant's motion for summary judgment, dismissing plaintiff's complaint for injunctive and declaratory relief, unanimously modified, on the law, only to the extent of declaring that plaintiff is not relieved from performing under the parties' contract pursuant to the contract's *force majeure* provision, and otherwise affirmed, with costs to defendant payable by plaintiff.

Plaintiff was not relieved of its obligations to perform under the contract with defendant based on the "plant shutdown" language contained in the *force majeure* provision of the contract. Such *force majeure* clauses excuse non-performance only where the reasonable expectations of the parties have been frustrated due to circumstances beyond the control of the parties (*see, Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902; *United Equities Co. v First Natl. City Bank*, 52 AD2d 154, 157, *affd* 41 NY2d 1032). Plaintiff shut down its plant voluntarily due to financial considerations brought about by environmental regulations. Those are not circumstances constituting a *force majeure* event, and financial hardship is not grounds for avoiding performance under a contract (*see, 407 E. 61st Garage v Savoy Fifth Ave. Corp.*, 23 NY2d 275, 282; *Matter of Coastal*

*Power Prod. Co. v New York State Pub. Serv. Commn.*, 153 AD2d 235, 240). Furthermore, plaintiff was fully aware of the environmental regulations, and the Environmental Protection Agency's intention to enforce them fully, prior to entering into the contract with defendant.

We modify only to declare in defendant's favor (*see, Lanza v Wagner*, 11 NY2d 317, 334). Concur—Nardelli, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.