■ German Masonic Home Corporation, Doing Business as Dumont Masonic Home, Appellant, v Barbara A. De-Buono, as Commissioner of Department of Health of State of New York, et al., Respondents. [743 NYS2d 523] —In a hybrid action, inter alia, for a judgment declaring that a determination of the New York State Department of Social Services, dated November 4, 1994, which reduced the plaintiff's Medicaid reimbursement rate and sought recoupment of certain overpayments was improper, illegal, and void, and a proceeding pursuant to CPLR article 78, inter alia, to review that determination, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered March 9, 2001,

which, inter alia, granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, German Masonic Nursing Home, doing business as the Dumont Nursing Home (hereinafter Dumont), is a not-for-profit corporation which operates a residential health care facility for approximately 196 elderly patients in the City of New Rochelle. Dumont is reimbursed for treating Medicaid patients pursuant to a formula that is based, in part, on the total of the facility's allowable operating costs in a base period, multiplied by a percentage, known as the "trend factor," to account for inflation in subsequent rate years (Public Health Law § 2808 [9]; *see* 10 NYCRR 86-2.10). For the purpose of calculating the Medicaid reimbursement rate, "allowable costs" are defined as those that are "properly chargeable to necessary patient care" (10 NYCRR 86-2.17 [a], [f]).

In 1991, the New York State Department of Social Services audited Dumont's cost report for the base period between April 1, 1984, and September 30, 1984, which was used to calculate the reimbursement rates for the years 1984 through 1991. On May 22, 1992, Dumont executed a stipulation, which resolved outstanding audit issues by adjusting the allowable operating costs for the base period. The stipulation provided that the real estate taxes that Dumont paid before it received a tax exemption as a not-for-profit corporation on January 1, 1986, would be treated as a one time, nonrecurring expense that would not be included in the calculation of subsequent reimbursement rates. Based on the stipulated adjustments, the New York State Department of Social Services reduced Dumont's reimbursement rate and sought to recoup certain overpayments for the rate years 1992 through 1997. Dumont commenced this hybrid action against various state officials, inter alia, for a judgment declaring that the determination reducing its reimbursement rate was improper, illegal and void, and to enjoin the defendants from recouping the alleged overpayments.

Contrary to Dumont's contention, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Where, as here, the language of a stipulation is clear and unambiguous, the interpretation of the agreement presents a question of law which can be resolved by the court on a motion for summary judgment (*see Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). The stipulation entered into by Dumont clearly and unambiguously

stated that the real estate taxes that were paid during the period between April 1, 1984, and December 31, 1985, would be treated as a one time, "nontrended expense."

Moreover, the Supreme Court's interpretation of the stipulation is consistent with the Medicaid reimbursement system. Although real estate taxes normally fall within the category of allowable operating costs (*see* 10 NYCRR 86-2.10 [f] [2] [xiv]), they are not reimbursable when the facility is entitled to a tax exemption (*see Matter of St. Luke's Presbyt. Nursing Ctr. v Perales,* 170 AD2d 915, 917). In addition, the reimbursement regulations provide that audit adjustments resulting in rate revisions must be applied to all rate periods that are affected by the audited costs (*see* 18 NYCRR 517.14). Here, the stipulated exclusion of the real estate taxes from Dumont's allowable base period costs necessarily affected the calculation of the facility's reimbursement rate in the subsequent years.

Dumont's remaining contentions are without merit. Ritter, J.P., Smith, Luciano and Crane, JJ., concur.