■ LILA LAZAR et al., Respondents, v TJX COMPANIES, INC., Doing Business as MARSHALLS, Appellant, et al., Defendant. [767 NYS2d 52]—

In an action to recover damages for personal injuries, etc., the defendant TJX Companies, Inc., doing business as Marshalls appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated October 28, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The injured plaintiff was shopping at a store owned by the defendant TJX Companies, Inc., doing business as Marshalls (hereinafter TJX), when a child ran out from a clothing rack and jumped on her, causing her to fall to the ground and sustain injuries. The plaintiffs commenced this action against, among others, TJX, alleging that it owed a duty to the injured plaintiff to supervise and control the child to prevent him from harming the plaintiff. The Supreme Court denied the motion of TJX for summary judgment, finding an issue of fact as to whether its employees acted reasonably under the circumstances. We reverse.

"While landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property, an owner's duty to control the conduct of persons on its premises arises only when it has 'the opportunity to control such persons and [is] reasonably aware of the need for such control' . . . . Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults . . . nor is it an insurer of its patrons' safety" (*Cutrone v Monarch Holding Corp.*, 299 AD2d 388, 389 [2002], quoting *D'Amico v Christie*, 71 NY2d 76, 85 [1987]). TJX met its initial burden of establishing prima facie entitlement to judgment as a matter of law by submitting proof in admissible form demonstrating that it did not have a duty to protect the plaintiff against such an unexpected incident as occurred here (*see Moss v New York Tel. Co.*, 196 AD2d 492 [1993]). In response, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*,

49 NY2d 557 [1980]). TJX also established that it did not assume the duty to control or supervise the child from his mother, who was present in the store (*see Appell v Mandel*, 296 AD2d 514 [2002]). Under these circumstances, the motion of TJX for summary judgment should have been granted. Smith, J.P., Schmidt, Crane and Mastro, JJ., concur.