■ JONATHAN JAUME et al., Respondents, v RY MANAGEMENT CO., INC., et al., Appellants. [769 NYS2d 303]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated September 5, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff allegedly was injured when he was struck in the eye by a pine cone thrown by another child engaged in a game with other children which entailed throwing pine cones at one another. The injury occurred in the recreation area of an apartment complex owned by the defendant Arverne Associates, Inc., and operated by the defendant Ry Management Co., Inc. The pine cones fell from trees growing in the area. The plaintiffs commenced this action seeking damages arising from negligence. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

A property owner, or one in possession or control of property, has a duty to take reasonable measures to control the foreseeable conduct of third parties on the property to prevent them from intentionally harming or creating an unreasonable risk of harm to others (*see De Ryss v New York Cent. R.R. Co.,* 275 NY 85 [1937]; *Murphy v Turian House,* 232 AD2d 535 [1996]; *Johnson v Slocum Realty Corp.,* 191 AD2d 613 [1993]; *Mangione v Dimino,* 39 AD2d 128 [1972]). This duty arises when there is an ability and opportunity to control such conduct, and an awareness of the need to do so (*see De Ryss v New York Cent. R.R. Co., supra; Murphy v Turian House, supra; Johnson v Slocum Realty Corp., supra; Mangione v Dimino, supra*). Here, in opposition to the defendants' prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that the defendants had the ability and opportunity to control the conduct at issue through the exercise of reasonable measures, and that the failure to have done so was a proximate cause of the injuries alleged. The defendants need not have removed all pine cones from the area as they fell. Nor would it be reasonable to hold that the defendants had the ability and the duty to provide supervision over the area sufficient to have prevented children from ever playing with or throwing the pine cones. Ritter, J.P., Luciano and H. Miller, JJ., concur.

S. Miller, J., dissents and votes to affirm the order appealed from, with the following memorandum: I do not agree with the conclusion of my colleagues in the majority that the plaintiffs failed to demonstrate the existence of an issue of fact as to the

defendants' knowledge of, and ability to control, the dangerous conduct that resulted in the infant plaintiff's injury. I would thus affirm the order denying the defendants' motion for summary judgment.

While I certainly agree that the defendants were under no obligation to remove every pine cone from the premises, the majority summarily concludes, without citation to authority, that it would be "unreasonable" to charge the defendants with the ability to provide adequate supervision over the area to have prevented children from "ever" playing with or throwing pine cones. However, the plaintiffs offered evidence that approximately one week prior to the subject incident, the infant plaintiff's mother expressly complained to the defendants' building security personnel about the dangerous pine cone throwing that was occurring on the premises. The question is not whether the defendants had the ability to prevent injuries caused by any and all thrown pine cones for all eternity. Clearly a landowner will not be liable for injuries caused by thrown objects, such as pine cones, if it had no notice of the condition (*see Janukajtis v Fallon,* 284 AD2d 428 [2001]; *Convey v City of Rye School Dist.,* 271 AD2d 154 [2000]) or if a third party's act was an unforeseeable superseding event (*see Daniels v Manhattan & Bronx Surface Tr. Operating Auth.,* 261 AD2d 115 [1999]; *Ramirez v Velarde,* 248 AD2d 697 [1998]). Nevertheless, in light of the fact that the defendants had been put on notice only one week earlier of the very recurring dangerous condition that caused the infant plaintiff's injuries, and the fact that security personnel witnessed but failed to interrupt a "pine cone game" in progress shortly before the infant plaintiff, who was not a participant therein, was injured, whether or not the defendants discharged their duty of care in a reasonable manner is a question of fact for a jury (*see Bowler v Metrick Co.,* 14 NY2d 737 [1964]; *Goble v State of New York,* 123 AD2d 664 [1986]). Thus, the Supreme Court properly denied the defendants' motion.