■ CAMERON OAKLEY et al., Respondents, v RICHARD HUGHES, Appellant. [777 NYS2d 705]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated August 14, 2002, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Under the circumstances, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. After the defendant made out a prima facie case for summary judgment, the plaintiffs failed to raise a triable issue of fact as to whether the defendant assumed a duty to supervise the child at the time of the accident (see generally Lazar v TJX Cos., 1 AD3d 319 [2003]; cf. Goldstein v Welter, 303 AD2d 551 [2003]; Mary A. ZZ. v Blasen, 284 AD2d 773 [2001]), or whether the defendant breached his duty of care as the landlord by merely placing a cup of hot water on a kitchen table (cf. Patterson v Proctor Paint & Varnish Co., 21 NY2d 447 [1968]; Craft v Mid Is. Dept. Stores, 112 AD2d 969 [1985]; Masone v Gianotti, 54 AD2d 269 [1976]). Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.