■ Edwin Quintana, Respondent, v David Rupa et al., Defendants, and Mohamed Sy-Yed Ballee et al., Appellants. [818 NYS2d 282]—

In an action to recover damages for personal injuries, the defendants Mohamed Sy-Yed Ballee and Mohammed S. Ballee appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated April 4, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Mohamed Sy-Yed Ballee.

Ordered that the appeal by the defendant Mohammed S. Ballee is dismissed, without costs or disbursements, as he is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Mohamed Sy-Yed Ballee, with costs.

In response to the showing by the defendant Mohamed Sy-Yed Ballee of his entitlement to summary judgment dismissing the complaint insofar as asserted against him, the plaintiff demonstrated the existence of a triable issue of fact as to whether that defendant was negligent in failing to control and/or prevent the codefendant David Rupa from recklessly discharging a pellet gun from the attic window of a house owned by his father, Mohammed S. Ballee (see Jaume v Ry Mgt. Co., 2 AD3d 590, 591 [2003]). Accordingly, the Supreme Court correctly denied that branch of the motion the defendant Mohamed Sy-Yed Ballee's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.