MAJORIE HILLEN, Appellant, v QUEENS LONG ISLAND MEDICAL GROUP, P.C., Respondent. [871 NYS2d 302]—

A property owner has a duty to take reasonable measures to control the foreseeable conduct of third parties on the property to prevent them from intentionally harming or creating an unreasonable risk of harm to others (*see DeRyss v New York Cent. R.R. Co.*, 275 NY 85 [1937]; *Jaume v Ry Mgt. Co.*, 2 AD3d 590, 591 [2003]; *Murphy v Turian House*, 232 AD2d 535 [1996]). This duty arises when there is an ability and opportunity to control such conduct, and an awareness of the need to do so (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *DeRyss v New York Cent. R.R. Co.*, 275 NY 85 [1937]; *Jaume v Ry Mgt. Co.*, 2 AD3d at 591).

Here, the defendant medical facility made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence demonstrating that it did not have the ability and opportunity to control the conduct of the unidentified child who suddenly ran ahead of his mother and accidentally bumped into the elderly plaintiff, and that it had no awareness of the need to control the conduct of the child, who was under his mother's supervision (*see Jaume v Ry Mgt. Co.*, 2 AD3d at 591; *Lazar v TJX Cos.*, 1 AD3d 319 [2003]; *Lee v Durow's Rest.*, 238 AD2d 384, 385 [1997]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact (*see Troiano v DeMarco*, 50 AD3d 1020, 1021 [2008]; *Jaume v Ry Mgt. Co.*, 2 AD3d at 591; *Lazar v TJX Cos.*, 1 AD3d 319 [2003]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.