■ DUANE READE, Respondent, v STONEYBROOK REALTY, LLC, Appellant, et al., Defendant. [882 NYS2d 8]—

Judgment, Supreme Court, New York County (Rolando T. Acosta, J.), entered June 14, 2007, declaring, inter alia, plaintiff tenant entitled to a rent abatement and awarding it attorneys'

fees, unanimously modified, on the law, the award of attorneys' fees vacated, the rent abatement reduced by eliminating the period during which the temporary restraining order was in effect, and otherwise affirmed, without costs.

The rent abatement clause in the lease between these sophisticated parties was an enforceable liquidated damages provision and not a penalty, since it compensated the tenant, which was to operate in a new geographical market, for damages flowing from delays in delivering possession that were not readily ascertainable when the parties executed the lease, and such damages were not unreasonably disproportionate to foreseeable losses (*see Bates Adv. USA, Inc. v 498 Seventh, LLC*, 7 NY3d 115, 120 [2006]; *JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 380 [2005]).

The motion court determined that the rent abatement date would commence on September 26, 2002. In setting this date, the court did not take into account the 40-day period from September 21 through October 31, 2001, during which defendant landlord Stoneybrook Realty was prevented from continuing with construction of the building as a result of a temporary restraining order issued by Supreme Court. The court determined that this period should not be added to the landlord's time of performance, as the force majeure provision of the contract did not specifically include this event.

The force majeure clause agreed to by the parties provided that certain acts beyond the control of the landlord "shall be added to the time for performance of such act." One of the listed acts that would trigger this clause was "governmental prohibitions." Interpretation of force majeure clauses is to be narrowly construed and "only if the *force majeure* clause specifically includes the event that actually prevents a party's performance will that party be excused" (*Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902-903 [1987]). Certainly, a judicial temporary restraining order (TRO) falls within the meaning of the term "governmental prohibition," and the time during which such TRO was in effect must be included in computing the starting date of the rent abatement.

While the lease provides for the landlord's attorneys' fees, the prevailing commercial tenant lacks an implied reciprocal right to such fees (*see Gracie Tower Realty Assoc. v Danos Floral Co.*, 142 Misc 2d 920, 925 [1989]).

We have considered the landlord's other contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Nardelli, McGuire and DeGrasse, JJ.