■ Burnside 711, LLC, Appellant, v Nassau Regional Off-Track Betting Corp., Respondent. [888 NYS2d 212]—

In an action for a judgment declaring that the defendant is obligated to begin paying rent under the subject lease "no later than May 14, 2008," the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered September 5, 2008, which, upon, in effect, granting that branch of the defendant's motion which was pursuant to CPLR 3211 (c) to deem that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) as one for summary judgment, in effect, granted that branch of the defendant's motion which was for summary judgment, in effect, declaring that it is not obligated to begin paying rent under the subject lease "no later than May 14, 2008," and that the subject lease is invalidated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to begin paying rent under the subject lease "no later than May 14, 2008," and that the subject lease is invalid.

The plaintiff, as owner/landlord, and the defendant, a regional off-track betting corporation, as tenant, entered into a lease for certain premises located in Lawrence in the Town of Hempstead. The lease provided that the defendant was to use and occupy the premises for "any legalized betting and ancillary uses." Paragraph 29.0 of the rider to the lease included a force majeure clause which stated, in relevant part, that "[i]n the event [either party] is prevented, delayed, or stopped from performing any act, undertaking, or obligation under this Lease by reason of an 'event of force majeure', including . . . governmental action or inaction . . . then the time for the party's performance shall be extended one (1) day for each day's prevention, delay, or stoppage by reason of such event of force majeure." Prior to the payment of rent by the defendant and the defendant's use of the premises under the lease, the Building Zone Ordinance of the Town of Hempstead was amended to restrict the location of off-track betting parlors (see Building Zone Ordinance of Town of Hempstead § 302 [L]). It is undisputed that this prevented the premises from being used as an off-track betting parlor.

The plaintiff commenced this action for a judgment declaring that the defendant was obligated to begin paying rent under the lease no later than May 14, 2008. Thereafter, the defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (c). The Supreme Court, in effect, granted that branch of the defendant's motion which was pursuant to CPLR 3211 (c) to deem that branch of the defendant's motion which was to

dismiss the complaint pursuant to CPLR 3211 (a) (1) as one for summary judgment, and, in effect, granted that branch of the defendant's motion which was for summary judgment, in effect, declaring that it was not so obligated. We affirm.

Initially, although the Supreme Court did not give "adequate notice to the parties" that it was treating the defendant's motion as one for summary judgment (CPLR 3211 [c]), where, as here, a specific request for summary judgment was made and the parties " 'deliberately chart[ed] a summary judgment course' " (*Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988], quoting *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]), the court was authorized to treat a branch of the defendant's motion as one for summary judgment (*cf. Bowes v Healy*, 40 AD3d 566, 567 [2007]).

The defendant made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). In this regard, the defendant's submissions in support of its motion, which included copies of the lease and section 302 (L) of the Building Zone Ordinance of the Town of Hempstead, were sufficient to satisfy its burden. Specifically, the force majeure clause applies herein (*see Reade v Stoneybrook Realty, LLC*, 63 AD3d 433, 434 [2009]). In light of the amendment to section 302 (L) of the Building Zone Ordinance of the Town of Hempstead, "the reasonable expectations of the parties [to use the premises as an off-track betting parlor] have been frustrated due to circumstances beyond the control of the parties" (*Macalloy Corp. v Metallurg, Inc.*, 284 AD2d 227, 227 [2001]; *see Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902 [1987]; *Team Mktg. USA Corp. v Power Pact, LLC*, 41 AD3d 939, 942 [2007]). In opposition, the plaintiff did not raise a triable issue of fact.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to begin paying rent under the subject lease "no later than May 14, 2008," and that the subject lease is invalid (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Eng, Chambers and Hall, JJ., concur.