Route 6 Outparcels, LLC, Respondent, v Ruby Tuesday, Inc., Appellant. [931 NYS2d 436]—

Spain, J.

Pursuant to a 2006 ground lease agreement, defendant agreed to construct and open a restaurant on plaintiff's real property, located in Pennsylvania, by March 2009, and to pay plaintiff an annual fixed rent in addition to a percentage of the restaurant's gross sales. Although defendant has consistently paid the fixed rent on the property, it did not construct the anticipated restaurant, prompting plaintiff to commence this breach of contract action. Plaintiff successfully moved for partial summary judgment on the issue of liability, and defendant now appeals.

We affirm. Defendant does not dispute that plaintiff has established a prima facie case for breach of contract under Pennsylvania law,* but argues that its performance was excused under the agreement's force majeure provision. "In order to use a force majeure clause as an excuse for non-performance, the event alleged as an excuse must have been beyond the party's control and not due to any fault or negligence by the non-performing party" (*Martin v Com., Dept. of Envtl. Resources*,

---

* The parties agree that Pennsylvania law governs the substantive issues in this action.

120 Pa Commw 269, 272, 548 A2d 675 678 [1988]). "Furthermore, the non-performing party has the burden of proof as well as a duty to show what action was taken to perform the contract, regardless of the occurrence of the excuse" (*id.*; *accord Rohm & Haas Co. v Crompton Corp.*, 2002 WL 1023435, \*2, 2002 Phila Ct Com Pl LEXIS 20, \*6-7 [2002]).

Here, the agreement's force majeure provision provides: "Except for any payments due [plaintiff] in accordance with this [l]ease, [plaintiff] and/or [defendant] shall be excused for the period of any delay and shall not be deemed in default with respect to the performance of any of the terms, covenants, and conditions of this [l]ease when prevented from so doing by cause or causes beyond the [plaintiff's] and/or [defendant's] control, which shall include, without limitation, all labor disputes, governmental regulations or controls, fire or other casualty, inability to obtain any material, services, acts of God, or any other cause, *whether similar or dissimilar* to the foregoing, not within the control of the [plaintiff] and/or [defendant]" (emphasis added). Defendant argues that the "global economic downturn that took hold in 2008" prevented its performance under the contract and, thus, its nonperformance was excused under the force majeure provision. Specifically, defendant relies on an affidavit of its vice-president and corporate controller, attesting that due to the economic crisis that began in early 2008, defendant experienced a drastic decline of its stock price, forcing defendant to reclassify over $500 million of its long term debt and to determine that complying with the lease provisions requiring construction of a new restaurant "would divert needed funds away from meeting debt obligations and leverage thresholds under its loan covenants." As a result, defendant communicated to plaintiff in March 2008 that it would not construct the store anticipated by the parties' agreement.

We agree with Supreme Court that the economic factors that led defendant to make this decision cannot, as a matter of law, excuse its nonperformance. "[W]hen the parties have themselves defined the contours of force majeure in their agreement, those contours dictate the application, effect, and scope of force majeure" (*Rohm & Haas Co. v Crompton Corp.*, 2002 WL 1023435, \*3, 2002 Phila Ct Com Pl LEXIS 20, \*9, quoting *R & B Falcon Corp. v American Exploration Co.*, 154 F Supp 2d 969, 973 [SD Tex 2001]). Here, although the parties did, after identifying particular force majeure events, agree on a fairly broad clause by including the language "any other cause, whether similar or dissimilar to the foregoing," they still expressly limited the contemplated force majeure events to those beyond the control

of the nonperforming party. While defendant, of course, had no control over the world economy, the decisions it made with respect to how to cope with the financial downturn—notwithstanding that its options may have been limited—remained within defendant's power and control. Defendant made a calculated choice to allocate funds to the payment of its debts rather than to perform under the subject lease. Economic factors are an inherent part of all sophisticated business transactions and, as such, while not predictable, are never completely unforeseeable; indeed, "financial hardship is not grounds for avoiding performance under a contract" (*Rohm & Haas Co. v Crompton Corp.*, 2002 WL 1023435, *5, 2002 Phila Ct Com Pl LEXIS 20, *14, quoting *Macalloy Corp. v Metallurg, Inc.*, 284 AD2d 227, 227 [2001]; *see In re Millers Cove Energy Co., Inc.*, 62 F3d 155, 158 [6th Cir 1995] ["Courts and commentators generally refuse to excuse lack of compliance with contractual provisions due to economic hardship, unless such a ground is specifically outlined in the contract"]; *Morgantown Crossing, L.P. v Manufacturers & Traders Trust Co.*, 2004 WL 2579613, *6, 2004 US Dist LEXIS 22949, *15 [ED Pa 2004]; *Stand Energy Corp. v Cinergy Servs., Inc.*, 144 Ohio App 3d 410, 416, 760 NE2d 453, 457 [2001] ["worsening economic conditions . . . do not qualify as a force majeure"]; *Hanover Petroleum Corp. v Tenneco Inc.*, 521 So 2d 1234, 1239-1240 [La App 3d Cir 1988] ["adverse economic conditions . . . which tend to render performance burdensome and unprofitable do not constitute force majeure"], *writ denied* 526 So 2d 800 [La 1988]).

Further, having decided not to construct the restaurant as early as March 2008, defendant has failed to demonstrate an attempt to perform, despite the alleged excuse, as required by Pennsylvania law (*see Martin v Com., Dept. of Envtl. Resources*, 120 Pa Commw at 272, 548 A2d at 678). Accordingly, we conclude that defendant's performance was not excused under the agreement's force majeure clause and plaintiff was properly granted partial summary judgment.

Peters, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs. **[Prior Case History: 27 Misc 3d 1222(A), 2010 NY Slip Op 50846(U).]**