GARY KAPLAN et al., Plaintiffs, v GORDON ROBERTS, Defendant/Third-Party Plaintiff-Respondent. EQUINOX HOLDINGS, INC., Doing Business as EQUINOX FITNESS CLUBS, Third-Party Defendant-Appellant. [937 NYS2d 296]—

The plaintiffs commenced this action against the defendant Gordon Roberts, inter alia, to recover damages for alleged sexual misconduct with the infant plaintiff. Roberts denied the allegations of sexual assault, and asserted counterclaims against the plaintiffs to recover damages for, among other things, malicious prosecution, slander, and abuse of process. Thereafter, Roberts commenced a third-party action against Equinox Holdings, Inc., doing business as Equinox Fitness Clubs (hereinafter Equinox), the owner of the fitness club where the alleged abuse occurred. Roberts maintained that the underlying allegations were false, insisted that the false allegations led to a false prosecution, onerous bail terms, and defamation of character, and alleged that the actions of the child were the direct result of the child's unsupervised and unrestricted access to the fitness club. Citing

a provision in Equinox's "member policies" concerning the use of the facility by children, he asserted, inter alia, causes of action to recover damages for breach of contract and negligence against Equinox.

Equinox moved pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint, or, in the alternative, pursuant to CPLR 3211 (c) and 3212 for summary judgment dismissing the third-party complaint. In the order appealed from, the Supreme Court, inter alia, denied those branches of Equinox's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth and fifth causes of action in the third-party complaint, or, in the alternative, pursuant to CPLR 3211 (c) and 3212 for summary judgment dismissing those causes of action. The Supreme Court stated, among other things, that Roberts should be afforded a "reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment." Equinox appeals, and we reverse the order insofar as appealed from.

At the outset, although the Supreme Court did not give "adequate notice to the parties" that it would treat the defendant's motion as one for summary judgment (CPLR 3211 [c]), where, as here, a specific request for summary judgment was made and the parties " 'deliberately chart[ed] a summary judgment course' " (*Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988], quoting *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]), the court was authorized to treat Equinox's motion as one for summary judgment (*see Burnside 711, LLC v Nassau Regional Off-Track Betting Corp.*, 67 AD3d 718, 720 [2009]).

Furthermore, the Supreme Court should have granted that branch of Equinox's motion which was pursuant to CPLR 3211 (c) and 3212 for summary judgment dismissing the fourth cause of action in the third-party complaint, which sought to recover damages for breach of contract. When the parties' intent to be bound by a contractual obligation "is determinable by written agreements, the question is one of law," which can be resolved by the court on a motion for summary judgment (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291 [1973]; *see ADCO Elec. Corp. v HRH Constr., LLC*, 63 AD3d 653, 654 [2009]; *German Masonic Home Corp. v DeBuono*, 295 AD2d 312, 313 [2002]). "A question of fact arises as to the parties' intent to enter into an enforceable obligation '[o]nly where the intent must be determined by disputed evidence or inferences outside the written words of the instrument' " (*ADCO Elec. Corp. v HRH Constr., LLC*, 63 AD3d at 654, quoting *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d at 291).

Here, even assuming that the "member policies" constituted binding contracts between Equinox and each of its individual members, Equinox established, prima facie, that the provision therein concerning use of the facility by children was clear and unambiguous, and did not create any obligation on the part of Equinox to ensure that Roberts would be protected against any and all dangers potentially posed by another member's failure to properly supervise his or her children (*see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d at 292; *German Masonic Home Corp. v DeBuono*, 295 AD2d at 313; *Berghold v Kirschenbaum*, 287 AD2d 673, 673 [2001]). In opposition, Roberts failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Equinox's motion which was for summary judgment dismissing the fourth cause of action in the third-party complaint.

The Supreme Court also should have granted that branch of Equinox's motion which was pursuant to CPLR 3211 (c) and 3212 for summary judgment dismissing the fifth cause of action in the third-party complaint, which sought to recover damages for negligence. A property owner, or one in possession or control of property, "has a duty to take reasonable measures to control the foreseeable conduct of third parties on the property to prevent them from intentionally harming or creating an unreasonable risk of harm to others" (*Hillen v Queens Long Is. Med. Group, P.C.*, 57 AD3d 946, 947 [2008]; *see Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d 860, 860-861 [2007]). This duty arises when there is an ability and an opportunity to control such conduct, and an awareness of the need to do so (*see Hillen v Queens Long Is. Med. Group, P.C.*, 57 AD3d at 947; *Jaume v Ry Mgt. Co.*, 2 AD3d 590, 591 [2003]; *Cutrone v Monarch Holding Corp.*, 299 AD2d 388, 389 [2002]). In support of this branch of its motion, Equinox submitted evidence demonstrating, prima facie, that it did not have the ability and opportunity to control the conduct at issue through the exercise of reasonable measures, and that it had no awareness of the need to control the conduct of the child (*see Hillen v Queens Long Is. Med. Group, P.C.*, 57 AD3d at 947; *Jaume v Ry Mgt. Co.*, 2 AD3d at 591; *Lazar v TJX Cos.*, 1 AD3d 319, 319 [2003]). In opposition, Roberts failed to raise a triable issue of fact (*see Hillen v Queens Long Is. Med. Group, P.C.*, 57 AD3d at 947; *Victor C. v Lazo*, 30 AD3d 365, 367 [2006]). Accordingly, the Supreme Court should have granted that branch of Equinox's motion which was for summary judgment dismissing the fifth cause of action in the third-party complaint.

Contrary to the Supreme Court's determination, there is no

basis to believe that facts necessary to properly oppose the motion for summary judgment would be uncovered through disclosure (*see Gabrielli Truck Sales v Reali*, 258 AD2d 437, 438 [1999]; *Glassman v Catli*, 111 AD2d 744, 745 [1985]).

In light of our determination, we need not reach the parties' remaining contentions. Florio, J.P., Belen, Roman and Sgroi, JJ., concur.