In an action to recover damages for personal injuries, etc., the defendants Stillwater Ramps & Mobility Center, Ltd., and Dutchess County Agricultural Society, Inc., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Dutchess County (Wood, J.), dated December 14, 2011, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and the separate motions of the defendants Stillwater Ramps & Mobility Center, Ltd., and Dutchess County Agricultural Society, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them are granted.
The plaintiff Winifred Couture (hereinafter the injured plaintiff) allegedly sustained personal injuries when she was struck by an electrically powered motor scooter owned by the defendant Stillwater Ramps & Mobility Center, Ltd. (hereinafter Stillwater). At the time of the alleged incident, the subject scooter was being operated by the defendant Lorraine Miskovitz. The alleged incident occurred at the Dutchess County Fair, which is operated by the defendant Dutchess County Agricultural Society, Inc. (hereinafter DCAS), on premises owned by DCAS. The injured plaintiff, and her husband suing derivatively, commenced the instant action against Stillwater, Miskovitz, and DCAS. The defendants Stillwater and DCAS separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court denied those motions.
Contrary to the Supreme Court’s determination, Stillwater made a prima facie showing of entitlement to judgment as a matter of law (see generally Alvarez v Prospect Hosp., 68 NY2d *724 320, 324 [1986]). In support of its motion, Stillwater established, prima facie, that it was not vicariously liable to the plaintiffs, pursuant to Vehicle and Traffic Law § 388, because the subject scooter was not operated on a “public highway” as defined by Vehicle and Traffic Law § 134 (see Vehicle and Traffic Law §§ 125, 134, 388; People v Thew, 44 NY2d 681, 682 [1978]; Sylvester v Brockway Motor Truck Corp., 232 App Div 364, 366 [1931]; People v Moe, 62 Misc 2d 27 [1969]) and, alternatively, the Graves Amendment (49 USC § 30106) applied to shield it from vicarious liability (see Castillo v Amjack Leasing Corp., 84 AD3d 1297, 1297-1298 [2011]). Additionally, Stillwater demonstrated, prima facie, that it was not negligent in maintaining the scooter, entrusting the scooter to Miskovitz, or training Miskovitz in the operation of the scooter (see Fredette v Town of Southampton, 95 AD3d 940, 941 [2012]; Burrell v Barreiro, 83 AD3d 984, 985-986 [2011]; cf. Eum v Stephens, 93 AD3d 632 [2012]; Castro v Salem Truck Leasing, Inc., 63 AD3d 1095, 1096 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact.
With regard to DCAS, “[a] property owner has a duty to take reasonable measures to control the foreseeable conduct of third parties on the property to prevent them from intentionally harming or creating an unreasonable risk of harm to others” (Hillen v Queens Long Is. Med. Group, P.C., 57 AD3d 946, 947 [2008]; see DeRyss v New York Cent. R.R. Co., 275 NY 85 [1937]; Jean v Wright, 82 AD3d 1163 [2011]). However, this duty arises when there is an ability and opportunity to control such conduct, and an awareness of the need to do so (see Kaplan v Roberts, 91 AD3d 827, 829 [2012]; Jaume v Ry Mgt. Co., 2 AD3d 590, 591 [2003]). Here, DCAS submitted evidence demonstrating, prima facie, that it did not have the ability and opportunity to control the conduct at issue through the exercise of reasonable measures, and that it had no awareness of the need to do so (see Kaplan v Roberts, 91 AD3d at 829; Jaume v Ry Mgt. Co., 2 AD3d at 591). In opposition, the plaintiffs failed to raise a triable issue of fact (see Hillen v Queens Long Is. Med. Group, P.C., 57 AD3d at 947).
Accordingly, the Supreme Court should have granted the separate motions of Stillwater and DCAS for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.