■ CASTOR PETROLEUM LTD., Appellant, v PETROTERMINAL DE PANAMA, S.A., Respondent. [968 NYS2d 435]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered November 19, 2012, dismissing the complaint and bringing up for review orders, same court and

Justice, entered on or about October 11 and 12, 2012, which denied plaintiff's motion for partial summary judgment as to liability on its first cause of action, and granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeals from the aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The relatively broad force majeure provision relieves defendant of its obligations under the parties' Transportation and Storage Agreement (TSA) in the event of, among other things, a "government embargo or interventions or other similar or dissimilar event or circumstances." The attachment of plaintiff's oil by a Panamanian court prevented defendant from carrying out its obligation to make that oil available to plaintiff; accordingly, the attachment of plaintiff's oil by a Panamanian court as a result of lawsuits against plaintiff in Panama falls within the meaning of "government embargo or interventions or other similar or dissimilar event or circumstances" (*see Reade v Stoneybrook Realty, LLC*, 63 AD3d 433, 434 [1st Dept 2009]). Plaintiff's oil was attached because it was not licenced to do business in Panama. Moreover, relief from the TSA included relief from that contract's indemnification clause, because any other reading of the TSA would render the force majeure provision (as well as other provisions of the contract) meaningless, in contravention of long-standing laws of contract interpretation (*see 150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 6 [1st Dept 2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Freedman and Feinman, JJ.