■ THOMAS MORRIS, Appellant, v CHASE BANK, Respondent, et al., Defendants. [4 NYS3d 105]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated August 27, 2013, as granted that branch of the motion of the defendant Chase Bank which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 31, 2010, the plaintiff was assaulted while attending a Halloween dinner at a property located at 278 Mill Street in Poughkeepsie. The plaintiff alleged that the dinner was hosted by the defendant Hudson River Housing, Inc., and/or the defendant Family Partnership Center, Incorporated. The plaintiff commenced this action to recover damages for his personal injuries against, among others, the defendant Chase

Bank (hereinafter Chase). The plaintiff alleged that Chase owned or controlled the subject property, and that it was aware that Hudson River Housing, Inc., and/or Family Partnership Center, Incorporated, had invited the public to a Halloween dinner to be held at that location. He alleged that Chase was negligent in allowing dangerous individuals, including his assailant, to congregate at the subject property, in failing to provide adequate security or proper supervision at the subject property, and in failing to intervene to stop the assault.

Chase moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it for failure to state a cause of action. The Supreme Court granted that branch of the motion.

In considering a motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see *Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Nerey v Greenpoint Mtge. Funding, Inc.*, 116 AD3d 1015 [2014]; *Goldberg v Rosenberg*, 116 AD3d 919 [2014]). "A property owner, or one in possession or control of property, has a duty to take reasonable measures to control the foreseeable conduct of third parties on the property to prevent them from intentionally harming or creating an unreasonable risk of harm to others" (*Jaume v Ry Mgt. Co.*, 2 AD3d 590, 591 [2003]). "This duty arises when there is an ability and opportunity to control such conduct, and an awareness of the need to do so" (*id.* at 591; see *D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Kaplan v Roberts*, 91 AD3d 827, 829 [2012]; *Cutrone v Monarch Holding Corp.*, 299 AD2d 388, 389 [2002]).

Here, the plaintiff failed to state a cause of action against Chase to recover damages for negligence. The complaint failed to allege that the attack upon the plaintiff by a third-party assailant was foreseeable, or that Chase had the ability and opportunity to control such conduct by the assailant (see *Kaplan v Roberts*, 91 AD3d at 829; *Jaume v Ry Mgt. Co.*, 2 AD3d at 591). While the court "may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d at 88), the plaintiff's affidavit, submitted in opposition to the motion, did not remedy the defects in the complaint. Thus, the plaintiff failed to allege facts demonstrating that Chase owed him a duty of care in this situation. "In the absence of duty, there is no breach and without a breach there is no liability" (*Ocera v Zito*, 212 AD2d 681, 682 [1995]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of Chase's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.