■ ALEXANDER TIRPACK, Appellant, v 125 NORTH 10, LLC, et al., Defendants, and JASON FIXLER et al., Respondents. [14 NYS3d 110]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated March 27, 2013, which granted the motion of the defendants Jason Fixler and Stacey Lager Fixler pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and denied his cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Jason Fixler and Stacey Lager Fixler which

was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the defendant Jason Fixler, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint insofar as asserted against the defendant Jason Fixler, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff, payable by the defendant Jason Fixler.

The plaintiff allegedly was injured when he fell from the roof of an 86-unit residential building in Williamsburg, Brooklyn, while attending a party hosted in a rooftop cabana owned by the defendants Jason Fixler and Stacey Lager Fixler (hereinafter together the Fixlers). The plaintiff commenced this action against the owners and operators of the building as well as the Fixlers, who owned a condominium apartment in the building in addition to the rooftop cabana.

The Supreme Court granted the Fixlers' motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, concluding that the complaint failed to state a cause of action against the Fixlers (see CPLR 3211 [a] [7]). The court also denied the plaintiff's cross motion for leave to amend the complaint. The plaintiff appeals, and we modify.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), "the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Simos v Vic-Armen Realty, LLC*, 92 AD3d 760, 761 [2012] [internal quotation marks and citation omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Cervini v Zanoni*, 95 AD3d 919, 921 [2012]). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove [his or her] claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]). Unless the motion is converted into one for summary judgment pursuant to CPLR 3211 (c), affidavits may be received for a limited purpose only, usually to remedy defects in the complaint, and such affidavits are not to be examined for the purpose of determining whether there is evidentiary support for the pleading (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]; *Kempf v Magida*, 37 AD3d 763 [2007]). " '[A] court may freely consider

affidavits submitted by the plaintiff to remedy any defects in the complaint' " (*McGuire v Sterling Doubleday Enters., L.P.*, 19 AD3d 660, 661 [2005], quoting *Leon v Martinez*, 84 NY2d at 88; *see Morris v Chase Bank*, 125 AD3d 731 [2015]).

Applying those principles, the complaint, as amplified by the plaintiff's affidavit, sets forth a cognizable cause of action to recover damages for negligence against Jason Fixler. Specifically, the plaintiff adequately alleged that Jason Fixler assumed a duty of care to him and violated it, proximately causing his injuries (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 521-522 [1980]; *Heard v City of New York*, 82 NY2d 66, 72 [1993]; cf. *Fisher v DiPietro*, 54 AD3d 892, 894 [2008]). The Supreme Court, however, properly granted that branch of the Fixlers' motion which was to dismiss the complaint insofar as asserted against Stacey Lager Fixler. Simply put, the complaint and the plaintiff's affidavit do not adequately allege that Stacey Lager Fixler assumed any duty of care to the plaintiff (*see Fisher v DiPietro*, 54 AD3d at 894).

Next, CPLR 3025 (b) provides that courts may grant leave to parties to amend or supplement their pleadings, and, "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see Stein v Doukas*, 128 AD3d 803, 804 [2015]). Here, the Supreme Court improperly denied that branch of the plaintiff's cross motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint insofar as asserted against Jason Fixler. No surprise or prejudice resulted from any delay in the plaintiff's motion, and the proposed amendment is neither palpably insufficient nor patently without merit insofar as it pertains to that defendant (*see Stein v Doukas*, 128 AD3d at 804; *Lucido v Mancuso*, 49 AD3d at 225). Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.