Wright v O'Leary (2019 NY Slip Op 03424)





Wright v O'Leary


2019 NY Slip Op 03424


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526749

[*1]JUSTIN WRIGHT et al., Individually and as Parents and Guardians of M.R.W., an Infant, Respondents,
v
PAUL O'LEARY et al., Individually and as Parents and Guardians of M.O., an Infant, Appellants.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Napierski, Vandenburgh, Napierski & O'Connor, LLP, Albany (Thomas J. O'Connor of counsel), for appellants.
Maguire Cardona, PC, Albany (Mackenzie E. Kesterke of counsel), for respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeals (1) from an order of the Supreme Court (Zwack, J.), entered May 2, 2018 in Columbia County, which denied defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 5, 2018 in Columbia County, which, among other things, upon reargument, adhered to its prior decision.
In January 2015, plaintiffs' 16-year-old son was injured when a utility vehicle in which he was a passenger overturned. The utility vehicle was owned by defendants and, at the time of the incident, was being operated by their 14-year-old son on their private property in Columbia County. Plaintiffs subsequently commenced this negligence action against defendants and, following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. They argued, among other things, that any liability of their son may not be imputed to them pursuant to Vehicle and Traffic Law § 2288, because the utility vehicle is not an all terrain vehicle within the meaning of Vehicle and Traffic Law § 2211, and, further, that the negligent entrustment cause of action must be dismissed because they had no knowledge, nor was there any basis for them to have knowledge, of any tendency on the part of their son to operate the utility vehicle in an improper or dangerous manner. Finding triable issues of fact, the court denied the motion. The court thereafter granted that part of defendants' subsequent motion that sought to reargue the applicability of Vehicle and Traffic Law §§ 2211 and 2288. Upon reargument, however, Supreme Court adhered to its initial determination that summary judgment was not warranted, finding that, although the utility vehicle is not an all terrain vehicle under Vehicle and Traffic Law § 2211, it cannot be said, as a matter of law, that it is not a motor vehicle under Vehicle and Traffic Law § 125. Defendants appeal from both orders.
We find merit in defendants' claim that Supreme Court erroneously concluded that the utility vehicle is not excluded under Vehicle and Traffic Law § 125. Pursuant to Vehicle and Traffic Law § 388 (1), "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner." For purposes of section 388, vehicle means a motor vehicle, which is defined as "[e]very vehicle operated or driven upon a public highway which is propelled by any power other than muscular power" (Vehicle and Traffic Law § 125; see Vehicle and Traffic Law § 388 [2]). A public highway is "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way" (Vehicle and Traffic Law § 134).
At the time of the incident, the utility vehicle was being operated on defendants' private property — not a public highway (see Vehicle and Traffic Law § 134). Accordingly, we find that the utility vehicle was not a motor vehicle within the meaning of Vehicle and Traffic Law § 125 (see Vehicle and Traffic Law §§ 125, 134, 388; People v Thew, 44 NY2d 681, 682 [1978]; Calvert v Duggan & Duggan Gen. Contr., Inc., 159 AD3d 1490, 1493 [2018], lv denied 31 NY3d 912 [2018]; Couture v Miskovitz, 102 AD3d 723, 723-724 [2013]), and it was error for Supreme Court to conclude otherwise.
However, Supreme Court did not err in denying summary judgment on the negligent entrustment cause of action. "[A] parent owes a duty to protect third parties from harm that is clearly foreseeable from the child's improvident use or operation of a dangerous instrument, where such use is found to be subject to the parent's control" (Rios v Smith, 95 NY2d 647, 653 [2001]; see Nolechek v Gesuale, 46 NY2d 332, 338 [1978]; Pineiro v Rush, 163 AD3d 1097, 1099 [2018]).
In support of their motion for summary judgment, defendants submitted, among other things, the affidavit and deposition testimony of defendant Paul O'Leary and the utility vehicle's operator's manual. In his affidavit, O'Leary attested that, when his son was about 11 years old, O'Leary "occasionally" allowed his son to operate the utility vehicle under his close supervision and that he "repeatedly" explained to his son the importance of operating it in "a safe and careful manner." O'Leary further attested that he emphasized the importance of maintaining control over the utility vehicle and traveling at a low rate of speed. He stated that he frequently accompanied his son on the utility vehicle and that, to his observation, his son always carefully operated it. According to O'Leary, his son became "very competent" at operating the utility vehicle by the time of the incident. Notably, O'Leary acknowledged that, on a few occasions, his son was permitted to take his friends "on a ride" in the utility vehicle. Further, at his deposition, O'Leary testified that whether his son was required to ask permission to operate the utility vehicle depended on the reason for which his son wanted to operate it and whether other people were involved. O'Leary indicated that his son would "generally" ask for his permission prior to operating the utility vehicle with friends as passengers but that, on the day of the incident, his son had not asked for permission.
The manual of the utility vehicle advises that the utility vehicle "should not be operated by anyone under the age of 16 years [old]," that it is "not designed for recreational riding," that "[y]oung drivers may not be physically able to control the machine or may not be mature enough to make safe driving decisions" and that "[m]isuse and recreational riding can lead to accidents, severe bodily injury or death." This evidence does not demonstrate the absence of a triable issue of fact. Defendants' submissions reveal that O'Leary's son was not always required to ask for permission to operate the utility vehicle and fail to show that O'Leary had knowledge of how his son, when out of his presence, operated the vehicle. This proof, together with the clear warnings in the operator's manual, fails to support a determination as a matter of law that defendants could not have "clearly foreseen" that their 14-year-old son's recreational use of the utility could have exposed others to injury (Rios v Smith, 95 NY2d at 653; see Kelly v DiCerbo, 27 AD3d 1082, 1083 [2006]; Paladino v Isasi, 123 AD2d 379, 381 [1986]). Therefore, we conclude that defendants failed to make a prima facie showing of entitlement to summary judgment on this [*2]issue. In light of the foregoing, defendants' remaining contention that the affidavit of plaintiffs' expert is of no probative value to the issue of negligent entrustment has been rendered academic.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the orders are modified, on the law, without costs, by reversing so much thereof as denied that part of defendants' motion for summary judgment that sought dismissal of plaintiffs' first cause of action to the extent that it sought to impute liability to defendants; motion granted to said extent and said claim dismissed; and, as so modified, affirmed.