Experience NY Now Inc. v 126 W. 34th St. Assoc. L.L.C. (2024 NY Slip Op 00675)

Experience NY Now Inc. v 126 W. 34th St. Assoc. L.L.C.

2024 NY Slip Op 00675

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Oing, J.P., González, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 654775/20 Appeal No. 1625 Case No. 2022-05329 

[*1]Experience NY Now Inc., Plaintiff-Appellant,
v
126 West 34th Street Associates L.L.C., Defendant-Respondent.

Toptani Law PLLC, New York (Edward Toptani of counsel), for appellant.
Norris McLaughlin, PA, New York (Kimbrilee M. Weber of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered November 16, 2022, which to the extent appealed from as limited by the briefs, denied plaintiff tenant's motion for summary judgment on its cause of action for breach of contract and dismissing defendant landlord's counterclaims, granted defendant's cross-motion for summary judgment on its counterclaims for base rent through September 30, 2021 plus interest, ordered the Clerk to enter judgment in the amount of $1,067,001.95 plus statutory interest from September 30, 2021, and dismissed the amended complaint, unanimously modified, on the law, to the extent of reducing defendant's award on its counterclaim for breach of contract by the amount of rent due on the days that plaintiff's business was entirely closed due to statewide restrictions on in-person staffing and curbside sales, and remanding the matter for further proceedings consistent with this decision, and otherwise affirmed, without costs.
When the parties entered into the lease at issue in this action, plaintiff was engaged in the business of retail sales of tourist apparel and souvenirs, general merchandise, and food items. On or about March 20, 2020, the New York State PAUSE program was implemented in response to the COVID-19 pandemic, requiring nonessential businesses like plaintiff's to reduce their in-person workforce by 100%. Thus, the pandemic and attendant government regulation constituted a force majeure in accordance with paragraph 60 of the parties' lease, which provided that "neither [party] shall be in default of the performance of any provisions of this Lease to the extent such performance shall be delayed or prevented by . . . strike, war, act of God, or other cause beyond the control of party seeking to excuse performance" (see 850 Third Avenue Owner, LLC v Discovery Communications, LLC, 205 AD3d 498, 498 [1st Dept 2022]; see also Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902-903 [1987]).
Plaintiff's business, which relied on the sale of souvenirs to tourists in person, was not the kind of business that could operate exclusively on a mail-order basis. Accordingly, during the period that plaintiff was obliged to suspend its business, the parties' reasonable expectation of performance was frustrated by circumstances beyond their control, and defendant was not entitled to rental arrears for the period in which plaintiff was completely closed to in-person staffing (see Constellation Energy Servs. of N.Y., Inc. v New Water St. Corp., 146 AD3d 557, 558 [1st Dept 2017]; see also 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 561-562 [1st Dept 2021], appeal dismissed 37 NY3d 1040 [2021]).
However, except for the period when plaintiff was obliged by the state's PAUSE program to close its business, defendant is entitled to summary judgment on its counterclaim for base rent through September 2021. Beginning on June 8, 2020, retailers in New York State were permitted to offer curbside pickup and [*2]drop-off services, and as of June 22, 2020, they were permitted to resume in-store services, although at reduced capacity. Therefore, as of June 8, 2022, plaintiff's decision not to reopen was voluntary, made for financial reasons. As a result, the force majeure provision does not excuse plaintiff's nonpayment of rent for the period after nonessential businesses were permitted to reopen on or about June 8, 2020, nor does it permit plaintiff's unilateral early termination of the lease (see Macalloy Corp. v Metallurg, Inc., 284 AD2d 227, 227 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024